IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NANCY M. BENTLEY,

    Plaintiff,

v.                                       Civil Action No. 5:15CV79
                                                   (STAMP)
CAROLYN W. COLVIN,
Acting Commissioner
of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION, OVERRULING
PLAINTIFF'S OBJECTIONS, DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I. Procedural History

The plaintiff, Nancy Bentley ("Bentley"), filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. In the application, Bentley alleged disability since June 2, 2005 due to degenerative bone disease, severe arthritis, constant pain, poor blood circulation, peripheral vascular disease, and restless leg syndrome.

The Social Security Administration denied Bentley's application initially and on reconsideration. Bentley then appeared with counsel at a hearing before an Administrative Law Judge ("ALJ"). The ALJ denied Bentley's application, but the Appeals Counsel remanded for further consideration of new medical evidence and an updated consideration of Bentley's residual

functional capacity. After the rehearing, the ALJ again denied Bentley's application, and the Appeals Counsel denied her request for review. Bentley then filed a request for judicial review, and this Court remanded to the ALJ for further discussion and analysis of whether Bentley's impairments met or equaled Disability Listing 1.02A for major dysfunction of a joint. Bentley then filed a second application for SSI benefits, which was denied. The Appeals Counsel remanded that application and consolidated it with her initial application. The ALJ held another hearing on the consolidated applications.

At the hearing, Bentley testified on her own behalf, as did a vocational expert. The ALJ issued a decision finding that Bentley suffered from severe impairments of degenerative joint disease in both knees and varicose veins and a history of deep venous thrombosis in both lower extremities. However, the ALJ found that Bentley was not disabled under the Social Security Act but instead found that Bentley had a Residual Functional Capacity to perform light-level work with certain non-exertional restrictions. Regarding whether Bentley met or equaled Listing 1.02A, the ALJ noted that this Court remanded on that single issue, and the ALJ "found no new, convincing and objective medical evidence that has been developed since [the prior ALJ's decision] . . . as to any deterioration/exacerbation of the claimant's condition, or the onset of any new injury[] or impairment such as would warrant any

significant departures from the other findings stated in that prior hearing decision." ECF No. 9-9 at 26. Further, the ALJ found that Bentley was unable to perform her past relevant work, but that there were jobs in significant numbers that Bentley could perform. Thus, Bentley's benefits were again denied. Bentley then timely filed an appeal of the decision to the Appeals Council, which denied Bentley's request for review.

Bentley then filed a request for judicial review of the ALJ's decision in this Court. The case was referred to United States Magistrate Judge Robert W. Trumble for submission of proposed findings of fact and recommendation for disposition under 28 U.S.C. § 636(b)(1)(B). Both parties filed motions for summary judgment. After consideration of those motions, the magistrate judge entered a report recommending that Bentley's motion for summary judgment be denied. Bentley filed objections to the report and recommendation. Specifically, Bentley objected to the magistrate judge's following conclusions: (1) that the ALJ fully considered the criteria for Listing 1.02A; (2) that the ALJ's conclusions regarding that listing were supported by substantial evidence; and (3) that the ALJ properly considered a certain Treating Source Statement.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed

3

objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. As to those findings to which objections were not filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

### III. Discussion

Bentley argues that the ALJ made three errors: (1) that the ALJ failed to fully consider all criteria of Listing 1.02A; (2) that the ALJ's finding that Bentley did not meet the criteria of Listing 1.02A was not supported by substantial evidence; and (3) that the ALJ erred in not considering as a medical opinion a Treating Source Statement authored by John A. Adeniyi, M.D. Bentley objects to the magistrate judge's findings and recommendations as to each of these alleged errors, and those will be reviewed de novo. This Court otherwise finds no clear error in the magistrate judge's findings and recommendations.

A. Listing 1.02A

Magistrate Judge Trumble concluded that the ALJ conducted a detailed analysis of each criteria of Listing 1.02A, and that his findings were supported by substantial evidence. In her objections, Bentley argues that the ALJ did not make express findings regarding whether she suffered from a major dysfunction of a joint or whether that joint was a major weight-bearing joint.

4

She argues that this Court previously remanded the case to the ALJ and instructed him to consider the medical evidence as to each criteria of Listing 1.02A. Thus, Bentley argues, the ALJ erred in failing to make express findings regarding each of Listing 1.02A's criteria. She argues that the magistrate judge committed clear error by making new findings as to the listing criteria that the ALJ did not make himself.

At the third step of the Social Security Administration's five-step sequential evaluation process, an ALJ must "consider the medical severity of [the claimant's] impairment(s). . . . [and determine if those] impairment(s) . . . meet[] or equal[] one of [the disability] listings" located at 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proving that her medical impairments meet or equal the severity of a listing impairment. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The ALJ must compare the criteria of each relevant listing "to the evidence of the claimant's symptoms." Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986). Further, the "ALJ is required to give more than a mere conclusory analysis of the [claimant's] impairments." Fraley v. Astrue, No. 5:07CV141, 2009 WL 577261, *25 (N.D. W. Va. Mar. 5, 2009).

Listing 1.02A for major dysfunction of a joint requires a showing of

> gross anatomical deformity . . . and chronic joint pain
> and stiffness with signs of limitation of motion or other

5

> abnormal motion of the affected joint[], and findings on appropriate medically acceptable imaging of joint space narrowing, boney destruction, or ankylosis of the affected joint[] . . . [w]ith . . . [i]nvolvement of one major peripheral weight-bearing joint . . . resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. § 404, Subpt. P, app'x 1, 1.02. Inability to ambulate effectively

> means extreme limitation of the ability to walk; i.e., an impairment[] that interfere very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device[] that limits the functioning of both upper extremities.

Id. 1.00B2b.

While the ALJ did not expressly state a conclusion as to each criterion, the ALJ sufficiently compared the criteria of each relevant listing "to the evidence of the claimant's symptoms." Cook, 783 F.2d at 1173. In considering whether Bentley met or equaled Listing 1.02A, the ALJ noted medical and other evidence relevant to each criteria in that listing. As to the existence of a gross deformity of a major peripheral weight-bearing joint, the ALJ noted that a consultative physician found a "somewhat Hallux deformity" in Bentley's knees and that she was "'kind of knocked kneed,'" and that she had a "'slight varus deformity of the right ankle.'" ECF No. 9-9 at 27. As for "chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint," the ALJ noted various medical

6

evidence showing that Bentley's "gait . . . was 'a little painful' and . . . 'not really limping,'" but her "feet were noted to turn 'slightly inward a little bit' . . . when she walked." ECF No. 9-9 at 27. The ALJ also noted that Bentley was at one point "required to wear a brace that covered a large portion of her right leg from 'just below the hip to [her] ankle.'" Id. (alteration in original). As for "inability to ambulate effectively," the ALJ noted Bentley's testimony regarding her ability "to shop and walk the length of a mall," along with various physicians' observations that she was able to drive herself to and from appointments, walk without assistance of any assistive devices, and at worst may need a cane "'for walking longer distances.'" ECF No. 9-9 at 27. Accordingly, the ALJ fully considered the record in considering whether Bentley met or equaled Listing 1.02A.

Further, to the extent that the ALJ's failure to expressly state a conclusion as to each criterion of Listing 1.02A constitutes error, any such error would be harmless. "[I]nability to ambulate effectively" is a necessary criterion of Listing 1.02A, and the ALJ expressly concluded that Bentley was able to ambulate effectively. Thus, regardless of the ALJ's conclusion as to any other criterion of Listing 1.02A, the ALJ would have found that Bentley did not meet or equal Listing 1.02A because she was able to ambulate effectively.

7

B.  <u>Substantial Evidence Regarding Finding as to Listing 1.02A</u>

Bentley argues that the ALJ's finding that she did not meet the criteria for Listing 1.02A was not supported by substantial evidence because the ALJ failed to consider all relevant medical evidence. Specifically, Bentley argues that the ALJ completely "ignored all of the treatment records from the orthopedic specialists and all of the X-ray and MRI evidence of . . . Bentley's knees." ECF No. 20 at 8. The magistrate judge concluded that because the ALJ stated that he reviewed the entire record and there is no evidence that he did not, the ALJ must be taken at his word. In her objections, Bentley argues that the court cannot accept as true an ALJ's statement that he reviewed the entire record, and that the Substantial evidence standard requires the ALJ to actually consider all relevant evidence.

The ALJ expressly relied upon the previous ALJ's 2012 findings regarding the treatment records of various orthopedic specialists and radiological imaging of Bentley's knees. ECF No. 9-9 at 414. In the 2012 hearing decision, the previous ALJ considered orthopedic surgeons' examinations of Bentley's knees who opined that she was "a candidate for a total knee arthroplasty." ECF No. 9-9 at 28. The previous ALJ further noted "[x]-rays of her bilateral knees at that time show[ing] significant degenerative joint disease." <u>Id.</u> The ALJ expressly agreed with the previous ALJ's finding that the orthopedic and radiological imaging evidence

8

was undercut by substantial evidence that Bentley was able to manage her pain and ambulate effectively despite the issues with her knees. Id. at 414. Accordingly, this Court finds that the ALJ did consider the treatment records of orthopedic specialists and the radiological imaging of Bentley's knees.

C. Treating Source Statement

Bentley argues that the ALJ erred in not considering Dr. Adeniyi's Treating Source Statement as a medical opinion. The magistrate judge concluded that substantial evidence supported the ALJ's determination that Dr. Adeniyi's Treating Source Statement did not constitute a medical opinion because Dr. Adeniyi's statements constitute commentary on Bentley's preexisting treatment plan rather than judgments about the nature and severity of her impairments. In her objections, Bentley argues that the ALJ did not state whether he considered Dr. Adeniyi's statement to be a medical opinion, and that the magistrate judge simply made that conclusion for the ALJ. Bentley argues that the statement is a medical opinion because it is from a physician and includes a diagnosis and examination of symptoms. Bentley argues, the ALJ's failure to consider Dr. Adeniyi's statement as a medical opinion resulted in his erroneous residual functional capacity finding that Bentley did not need to elevate her legs during the day.

"In determining whether [a claimant] is disabled, [the ALJ must] . . . always consider the medical opinions in . . . [the]

9

record together with the rest of the relevant evidence . . . receive[d]." 20 C.F.R. § 416.927(b). The ALJ fully considered Dr. Adeniyi's letter, noting the length of the treatment relationship, Bentley's symptoms, and Dr. Adeniyi's treatment plan for her. ECF No. 9-9 at 32. While, the ALJ did not expressly state whether he found Dr. Adeniyi's opinion to be a medical opinion, he fully considered the opinion to the same extent that he must consider a medical opinion under applicable law. Accordingly, the ALJ did not err in the manner of his consideration of Dr. Adeniyi's opinion.

## IV. <u>Conclusion</u>

For the reasons set forth above, this Court finds that the ALJ's decision is supported by substantial evidence and that the magistrate judge's recommendation presents no error. Accordingly, the magistrate judge's report and recommendation (ECF No. 19) is AFFIRMED and ADOPTED, the plaintiff's objections (ECF No. 20) are OVERRULED, the plaintiff's motion for summary judgment (ECF No. 12) is DENIED, and the defendant's motion for summary judgment (ECF No. 16) is GRANTED.

It is ORDERED that this civil action be STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   July 22, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE